UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BDB, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 07-B-1985-J |
| | ) |
| JAMES RIVER INSURANCE CO.; | ) |
| BURNS & WILCOX, LTD.; WEBB | ) |
| INSURANCE CO., INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 2.)[1] Plaintiff BDB has sued defendants alleging breach of contract, bad faith failure to pay, and negligent failure to procure insurance. Defendant James River Insurance removed the case to this court, (doc. 1),[2] and plaintiff filed a Motion to Remand, (doc. 2). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand, (doc. 2), is due to be denied.

Federal courts are courts of limited jurisdiction. Therefore, this court may only hear cases that the Constitution or Congress has authorized. A federal court has jurisdiction over

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]Defendants Burns & Wilcox and Webb Insurance Co., joined the Notice of Removal. (Doc. 1, Exs. B-1 and B-2.)

cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2006).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not ***absolutely*** clear." *See Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id*. (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiff, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiff. *Crowe*, 113 F.3d at 1538 (11th Cir. 1997).

Plaintiff and defendant Webb Insurance are residents of Alabama. Therefore, complete diversity among the parties, as required for diversity jurisdiction, does not exist. However, defendants contend that plaintiff fraudulently joined Webb Insurance. (Doc. 1 at 3.)

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. "When a defendant has been fraudulently joined, the court should disregard [its] citizenship for purposes of determining whether a case is removable based upon diversity of citizenship." *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001). If plaintiff fraudulently joined Webb Insurance, the court has subject-matter jurisdiction over this action. If plaintiff did not fraudulently join Webb Insurance, the court is without subject-matter jurisdiction, and this matter must be remanded to the Circuit Court of Marion County.

The burden is on defendants to prove fraudulent joinder "by clear and convincing evidence."[3] *Wright v. American General Life and Accident Insurance Co.*, 136 F. Supp. 2d 1207, 1211 (M.D. Ala. 2001)(internal citations omitted). Joinder is "fraudulent" if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse)

---

[3]"The function of any standard of proof is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" *Colorado v. New Mexico*, 467 U.S. 310, 315 (1984)(quoting *In re Winship*, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)). The "clear and convincing evidence" standard requires defendants, as parties with the burden of proof, to "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are '**highly probable**.'" *Id*. at 316 (citation omitted; emphasis added).

defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)). *T*he *Triggs* Court held:

> If there is ***even a possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate.

*Id*. (internal citations and quotations omitted)(emphasis in original). The old Fifth Circuit phrased the issue as follows: "[T]he question is whether there is arguably a reasonable basis for predicting that the state law ***might*** impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court . . . is not fraudulent in fact or in law." *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)(emphasis added).[4] Thus, in order for this court to find that plaintiff's joinder of Webb Insurance was fraudulent, this court must find there is no "possibility" that the Alabama court would find that the Complaint states a single valid claim against it.

Whether Webb Insurance is fraudulently joined is to be determined by plaintiff's Complaint "because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d

---

[4]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

1302, 1306 n.1 (11th Cir. 2001)(citing *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).

> It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. This time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004)(internal citations, quotations and footnote omitted). However, "[i]n addressing the issue of fraudulent joinder, the district court . . . can consider any submitted affidavits and/or deposition transcripts." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *see also Fowler v. Provident Life and Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003)(citing *de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)).

Plaintiff's Complaint alleges that it purchased insurance for a building in Brilliant, Alabama, from Webb Insurance. (Doc. 1, Ex. 1 (Complaint) ¶¶ 8- 9 and Ex. C.) Plaintiff alleges it asked Webb Insurance to find and place coverage for theft and vandalism, including theft of any part of the building. (Doc. 4, Exs. A and B.) In response, Webb Insurance procured a policy from James River Insurance. This policy provided coverage for vandalism, which is defined as "willful and malicious damage to or destruction of, the described property." (Doc. 1, Ex. C, CP 10-20-04-02 at 1.) Under this provision, the policy states, "We will not pay for loss or damage caused by theft or resulting from theft, except for building damage caused by the breaking in or exiting of burglars." (*Id.*)

5

On July 9, 2007, plaintiff filed a claim for "theft [of] wiring & damage to all electrical boxes and vandalism inside [the building]." (*Id*., Ex. E.)  James River denied plaintiff's claim. (*Id*., Ex. A ¶ 13.)  Plaintiff filed a Complaint in state court alleging that James River had failed to pay its claim of damage caused by "extensive vandalism" to the building; the Complaint does not allege damage caused by theft. (*Id*. ¶¶ 10-13.)  Plaintiff also sued Webb Insurance, alleging that it had breached its contract with plaintiff and negligently failed to procure insurance to cover plaintiff's loss. (*Id*. ¶¶ 18, 27.)

<u>Breach of Contract - Count I and Bad Faith - Count II</u>

As a matter of law the plaintiffs have no claim against defendant Webb for breach of contract.  It is undisputed that a contract of insurance was delivered to plaintiffs.  The contract is between James River Insurance Company and plaintiff.  Nether Webb nor Burns & Wilcox are parties to the insurance contract.  There are no allegations in the Complaint that would support an oral contract.  Therefore, as to Count One of the Complaint, Webb is fraudulently joined.  Also, because there is no contract between plaintiffs and Webb, he cannot be sued for bad faith as to Count II.  Therefore, as to Count Two, Webb is fraudulently joined.

<u>Negligent Failure to Provide Insurance - Count III</u>

Defendants filed an Affidavit of John C. Webb in which he noted that he mailed a copy of the subject insurance policy to the plaintiff in 2006.  He hand-delivered the Policy

to plaintiff in 2007, prior to the alleged loss.  Plaintiffs have not disputed that they received the policy.

>As noted in *Foremost Ins. Co. v. Parham*:
>
>>Because it is the policy of the courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance [or an agent's representations] comes with a commitment duty on the part of plaintiffs to exercise some measure of precaution to safeguard their own interests.

693 So. 2d 409, 433 (Ala. 1997).

As defendants correctly argue, an insurance agent cannot be held liable due to plaintiff's own negligent failure to ensure they received the policy they expected.  Assuming the policy received by plaintiff did not conform to plaintiff's expectations as to coverage, and assuming further that the insurance company later denied coverage based on the applicable exclusion, Webb cannot be liable on plaintiff's alternative count because it is undisputed that plaintiff received a copy of the pertinent insurance policy well before the date of the loss.[5]  Because there is no possibility that plaintiff can recover against defendant Webb on plaintiff's claim for negligent procurement, Webb was fraudulently joined as to Count III.

---

[5] There is no evidence before the court that the insureds were unable to understand the language in the policy.

**CONCLUSION**

Based on the foregoing, this court finds that plaintiff fraudulently joined defendant Webb Insurance.  All claims against defendant Webb Insurance will be dismissed.  Because the remaining parties are diverse and the requisite amount in controversy exists, the court has subject-matter jurisdiction.  An Order denying  plaintiff's Motion to Remand, (doc. 2), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this the 30th day of September, 2008.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE